USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 7, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAY 31 2011
JUDGE KEENAN'S CHAMBERS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ONELE TRADE & FINANCE LTD.,

Defendant.

No. 10 CV 9159 (JFK)

ECF

#10 Civ 9159 (JFK)

## FINAL JUDGMENT

The Securities and Exchange Commission having filed an Amended Complaint ("Complaint") and Defendant Onele Trade & Finance Ltd. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,864,638, representing profits gained as a result of the conduct and trading alleged in the Complaint, and a civil penalty in the amount of $2,864,638 pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1], for a total of $5,729,276. Defendant shall satisfy this obligation as follows:

All assets (funds and shares) relating to the trading in the securities of Wimm-Bill-Dann Foods OJSC ("WBD"), as set forth in the Complaint, now held by Brown Brothers Harriman & Co. ("Brown Brothers"), and frozen pursuant to the Temporary Restraining Order issued on December 8, 2010 (Docket Entry 2), and the Preliminary Injunction issued on December 16, 2010 (Docket Entry 4) ("WBD Assets"), a re hereby unfrozen and released, subject to the following distribution:

Within 14 days after entry of this Final Judgment, Brown Brothers shall issue a certified check, bank cashier's check, or United States postal money order drawn from the WBD Assets in the amount of $5,729,276 payable to the Securities and Exchange Commission. Brown Brothers

may liquidate such shares held in the WBD Assets as necessary to make this payment. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter, copied to plaintiff's counsel [Paul W. Kisslinger, U.S. Securities and Exchange Commission, 100 F. Street, N.E., Washington, D.C. 20549-4030], identifying Onele Trade & Finance Ltd. as the Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 31, 2011

John F. Keenan
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ONELE TRADE & FINANCE LTD.,

Defendant.

No. 10 CV 9159 (JFK)

ECF

## CONSENT OF ONELE TRADE & FINANCE LTD.

1. Defendant Onele Trade & Finance Ltd. ("Defendant") acknowledges having been served with the Amended Complaint in this action ("Complaint"), enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] ("Exchange Act") and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    (b) orders Defendant to pay disgorgement in the amount of $2,864,638; and

    (c) orders Defendant to pay a civil penalty in the amount of $2,864,638, pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1].

3. Defendant agrees that it shall not seek or accept, directly or indirectly,



reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant



2



of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to



3

be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.



4



Onele Trade & Finance Ltd.

By: _____
Name: Maria CHRISTOFIDOU
Title: Director
Address: Griva Digeni Ave. 115, TRIDENT CENTRE,
5TH Floor, 3101 Limassol, Cyprus

On 29th March, 2011, Mrs. Maria CHRISTOFIDOU, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Onele Trade & Finance Ltd. as its Director.

Approved as to form:

_____
Mark K. Schonfeld
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

_____
**MARIOS PAPADOPOULOS**
NOTARY PUBLIC
6 PLATONOS STR.
4001 MESAYITONIA
LIMASSOL - CYPRUS



5



Signed (or sealed) this day in my presence by Maria Christofidou who is personally known to me. In testimony whereof I have hereto set my hand and official seal this 27th day of March 2011

Papadopoulos
MARIOS PAPADOPOULOS
Certifying Officer





MARIOS PAPADOPOULOS

This is to certify that the signature appearing above is the signature of MARIOS PAPADOPOULOS a Certifying Officer of Limassol, appointed by the Minister of the Interior of the Republic of Cyprus, under the Certifying Officers Law, Cap 39, to certify signatures and seals and that the seal opposite the said signature is that of the Certifying Officer of Limassol. The District Officer certifies only the signature and the seal of the Certifying Officer and assumes no responsibility for the content of this document.
LIMASSOL, CYPRUS
Date 30/3/11

District Officer

E. ATHANASIOU-GEORGIADOU

---

### APOSTILLE
(Convention de La Haye du 5 octobre 1961)

E. ATHANASIOU-GEORGIADOU

1. Country **CYPRUS**
   This public document
2. has been signed by ........................
3. acting in the capacity of District Officer
4. bears the seal/stamp of the District Officer

   Certified **30 MAR 2011**
5. at Nicosia  V. IOANNOU   6. the ........................
7. by: ........................
8. No. 95434/11
9. Seal   10. Signature:

Permanent Secretary
Ministry of Justice and Public Order